IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH STANLEY ELY and | ) | |
| DONALD DALE UPP, | ) | Case No. 19-20818-drd-13 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DONALD DALE UPP, | ) | |
| | ) | Case No. 19-20819-drd-13 |
| Debtor. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before the Court is the Motion to Dismiss Donald Dale Upp's Chapter 13 Bankruptcy Case (the "Motion") filed by Rivercene Bed and Breakfast, LLC ("Rivercene").  The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§1334(b), 157(a) and 157(b)(1).  This is a core proceeding which this Court may hear and determine pursuant to 28 U.S.C. §157(b)(2)(A).  Rivercene urges the Court to dismiss the Debtor's bankruptcy case on eligibility grounds.  For the reasons that follow, the Motion is granted.

I.       BACKGROUND

The facts underlying this Motion are not in dispute.  In 2011, Donald Upp (the "Debtor") and his partner, Joseph Ely, purchased from Rivercene a bed and breakfast operation consisting of personal and real property (the "Real Property").  Rivercene

1

was granted a deed of trust in the latter, subject to a first deed of trust in favor of DAS Acquisition Company, LLC ("DAS Acquisition"), securing a debt of approximately $368,000.

A dispute arose regarding the parties' obligations, and litigation ensued. In 2014, the Circuit Court of Howard County, Missouri, entered judgment in favor of Rivercene and against the Debtor and Mr. Ely in the amount of $247,500 plus interest. The judgment was appealed. The court of appeals affirmed, but found that the trial court erred in not assessing attorney's fees against the Debtor and Mr. Ely. The case was remanded for attorney's fees to be assessed. The trial court subsequently entered another judgment for Rivercene in the amount of $200,000 plus interest for attorney's fees. Nothing has ever been paid on these judgments.

The parties have stipulated that on the day of the Debtor's bankruptcy filing, he owed $579,761.78 on account of the two judgments. The parties have also agreed that there is no equity to which Rivercene's lien attaches because the Real Property is worth less than DAS Acquisition's first lien.

On September 5, 2019, the Debtor and Mr. Ely filed separate petitions seeking relief under Chapter 13.[1] Their cases are being jointly administered, but have not been consolidated. Rivercene did not file a proof of claim in the cases.

---

[1] Mr. Ely had filed a petition for relief under Chapter 7 in November of 2018, and was granted a discharge in March of 2019.

The Debtor and Mr. Ely are not married or related by blood. However, they have lived together for at least nine years. The Debtor earns no income due to a medical disability, and his application for disability benefits is currently pending.[2]

Rivercene argues that the Debtor is ineligible for chapter 13 relief for two reasons: 1) that he does not receive regular income, and 2) that he owes debts in excess of the statutory threshold.[3]  The Debtor has responded that Mr. Ely's commitment to fund the Chapter 13 plan, combined with the disability income that the Debtor expects to receive, satisfies the income requirement.  The Debtor also asserts that both the scheduled unsecured debts and the allowed unsecured claims are less than the statutory limit for eligibility.  Finally, the Debtor challenges Rivercene's standing to seek dismissal, claiming it does not have a pecuniary interest in the case.

## II.    DISCUSSION

Before discussing the two major issues raised by the parties, the Court will address the Debtor's complaint that the Motion was filed more than 90 days after the filing of the bankruptcy case.  There is no deadline for the filing of a motion to dismiss.  11 U.S.C. §1307.  In addition, the Debtor has presented no evidence of bad faith on Rivercene's part, nor of prejudice he has suffered as a result of the timing of the Motion.

### Standing

---

[2] According to the Debtor's pleadings, a hearing on his application was scheduled for April 29, 2020.  The outcome of that hearing will not impact this Court's determination of the Debtor's eligibility for the reasons stated in this Opinion.

[3] Because the Court finds that the Debtor is ineligible for Chapter 13 relief based on the Bankruptcy Code's debt limits, the Court declines to address the issue raised by Rivercene regarding the Debtor's lack of regular income.

Bankruptcy Code §1307 provides that "on request of a party in interest …the court…may dismiss a case under this chapter…for cause."  While the term "party in interest" is not defined in the Code, courts have generally construed it to include anyone whose pecuniary interest is directly affected by the bankruptcy proceeding. *See, e.g., In re Jensen*, 369 B.R. 210, 226 (Bankr. E.D. Penn. 2007); *In re Sobczak*, 369 B.R. 512, 517-18 (9th Cir. BAP 2007).  That definition does not appear to hinge on the individual or entity having filed a proof of claim or holding an allowed claim. *In re Turpen*, 218 B.R. 908, 911 (Bankr. N.D. Iowa 1998).

A party in interest may have standing in one respect while lacking standing in another.  *In re Ofty Corp.*, 44 B.R. 479, 481 (Bankr. D. Del. 1984). As the court stated in *In re Haslam*, 2008 WL 8444816 *4 (9th Cir. BAP March 31, 2008), "A party's standing in a bankruptcy case, however, is not an all-or-nothing proposition. Rather, it must be determined on a particularized basis as to each theory raised."  For example, courts have denied creditors who have not filed a claim the right to object to plan confirmation on grounds related to the sufficiency of the distribution, but have allowed such creditors to object to confirmation on good faith grounds.  *See, e.g.*, *Haslam*, 2008 WL 8444816 at *4; *In re Parandeh*, 2015 WL 430383 (Bankr. E.D.Va. Jan. 28, 2015).

The Debtor asserts that Rivercene does not have a pecuniary interest in the case because, even if the Real Property is sold, Rivercene would receive nothing since the amount of the first lien exceeds the value of the collateral.  He also asserts that Rivercene abandoned its interest in the case by "failing to participate in any meaningful way until after all relevant deadlines had passed," implying that Rivercene's failure to file a proof of claim prevents it from seeking dismissal.

4

None of those arguments is sufficient to strip Rivercene of its standing to raise the issue of the Debtor's eligibility. While it is true that Rivercene did not file a proof of claim in the Debtor's case, Rivercene holds a lien on the Real Property and is a creditor as that term is defined in the Code. 11 U.S.C. §101(10). It has a practical stake in the outcome of this case, and therefore, falls within the broad definition of party in interest. Rivercene has standing to bring this Motion.

<u>Eligibility</u>

Pursuant to §109(e), only an individual with regular income who owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $419,275 may be a Chapter 13 debtor. The characterization of debt for purposes of eligibility is governed by §506(a). *Miller v. United States*, 907 F.2d 80, 82 (8th Cir. 1990).

The numbers speak for themselves. As Rivercene points out, the parties have stipulated that on the Debtor's petition date, he owed a debt of $579,761.78 attributed to two judgments entered against him in favor of Rivercene — one for the original judgment's principal amount of $240,000 plus interest of $124,617.95, and the other for the attorney fee judgment's principal balance of $200,000 plus interest of $7,643.84. Because there is no equity in the Real Property to satisfy Rivercene's lien derived from its deed of trust and the judgments, the debt it is owed is unsecured. In his opposition to the Motion, the Debtor himself "concedes that the judgments identified by Rivercene in its motion are non-contingent and liquidated debts that are wholly unsecured by value in collateral and that, when combined, exceed the unsecured debt limits of §109(e)."

At the same time, the Debtor argues that the amount of his unsecured debt that was scheduled, $64,410, is well within the limits of §109(e).  However, that amount is derived from Schedule E/F which does not include the Rivercene or DAS Acquisition debts, and is thus, erroneous.  The Debtor and Mr. Ely listed in their Schedule D a debt owed to BBT in the amount of $366,308, secured by the Real Property valued at $207,413.[4]  They also listed a debt owed to Rivercene in the amount of $360,000, secured by the same Real Property at the same value.    The total of the unsecured debt from these two creditors alone, $738,656.78 ($579,761.78 from the Rivercene debt plus $158,895 from the BBT debt), clearly exceeds the statutory limit of $419,275.

The Debtor contends that he believed the attorney's fees were already included in the scheduled debts. That is not the case. As stated previously, the scheduled debt of $360,000 does not include the additional judgment for attorney's fees in the amount of $200,000 plus interest.

It is appropriate in this case for the Court to look beyond the Debtor's schedules to determine the amount of unsecured debt for eligibility purposes.  As the court stated in *Barcal v. Laughlin,* 213 B.R. 1008 (8th Cir. BAP 1993):

> … the court should neither place total reliance upon a debtor's characterization of a debt nor rely unquestionably on a creditor's proof of claim, for to do so would place eligibility in control of either the debtor or the creditor. At a hearing on eligibility, the court should thus, canvass and review the debtor's schedules and proofs of claim, as well as other evidence offered by a debtor or the creditor to decide only whether the good faith, facial amount of the debtor's liquidated and non-contingent debts exceed statutory limits.

---

[4] The Allonge to the original note in favor of DAS Acquisition indicates payment to the order of Branch Banking and Trust Co.

*Id.* at 1015. Here, copies of the judgments were presented by Rivercene as evidence of the debt.   Additionally, the Debtor himself entered into a stipulation that characterized the total amount of the judgments as unsecured debt.  The Debtor's reliance on the scheduled amounts is, therefore, disingenuous.

The Debtor also contends that the *allowed* unsecured debt is within the limit set forth in §109(e), suggesting that the debt owed to Rivercene should not be included in the calculation because it is not an allowed claim.  The plain language of the statute does not restrict the definition of debt in that way, so the Court will not impose such a requirement.   *In re Quintana*, 107 B.R. 234 (9th Cir. BAP 1989)(relying on statutory construction, court refused to impose a restricted definition of the term "debt" for purposes of determining chapter 12 eligibility).

The Debtor has unsecured debts in excess of $419,275, and is therefore ineligible for Chapter 13 relief.

For this reason, the Motion is hereby granted.

Dated: April 29, 2020                          */s/Dennis R. Dow*
                                        THE HONORABLE DENNIS R. DOW
                                        UNITED STATES BANKRUPTCY JUDGE